IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RENEA M. BRYANT, et al.,**

    **Plaintiff,**

vs.                                                              Case No. 4:12cv465-RH/CAS

**PAULA SPARKMAN,**
**GARY ROBERTS, and**
**OFFICER RONEY WYCHE,**

    **Defendants.**

_____ /

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, submitted a civil rights complaint, doc. 1, and a motion seeking leave to proceed in forma pauperis, doc. 2. Good cause having been shown, the motion is granted. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

On the in forma pauperis motion, doc. 2, Plaintiff listed only her name as Plaintiff in this case. However, on the first page of the complaint, doc. 1, Plaintiff lists the following as Plaintiff: "Renea M. Bryant, a/k/a Renea M. Bryant Secured Party and the Estate of Renea M. Bryant." Doc. 1 at 1. Because Renea Bryant signed the documents submitted in this case, she is not deceased. An Estate is the property and

possessions of one who has died. Because it does not appear that Renea Bryant has died, and because "property" is not a person, the "Estate" must be deleted as a Plaintiff in this action. Furthermore, the designation of Plaintiff as "Secured Party" is frivolous as this is a civil rights case and does not concern a secured debt. The complaint is deemed to be filed by Plaintiff pro se.

When Plaintiff signed the complaint form, Plaintiff signed her named as "authorized representative" of the "Office of Renea M. Bryant." Doc. 1 at 6. Plaintiff's in forma pauperis motion indicated only that Plaintiff was employed by an employer, Wal-Mart, and she stated she was not self-employed. Doc. 2 at 3. Therefore, the "Office of Renea M. Bryant" is either a legal nullity, or Plaintiff has failed to truthfully complete the complaint form. Regardless, even if there *was* an Office of Renea M. Bryant, and it does not appear there is, Plaintiff could not represent the "Office" because Plaintiff is not a lawyer licensed in the State of Florida. Well established case law provides that a corporation or business entity may only appear in court if represented by an attorney. Osborn v. United States Bank, 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824); *see also* National Ind. Theatre v. Buena Vista Distribution, 748 F.2d 602, 609 (11th Cir. 1984), *cert. denied*, 471 U.S. 1056 (1985) (concluding that § 1654 precludes a nonlawyer sole shareholder from appearing on behalf of a corporation); Reshard v. Britt, 839 F.2d 1499, 1501 (11th Cir. 1988)(Tjoflat, dissenting).

> A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court

by an officer who is not an attorney and it cannot appear *in propria persona*.

Paradise v. Nowlin, 86 Cal.App.2d 897, 195 P.2d 867, 867 (1948)(citations omitted). Plaintiff may represent herself in this action, and her listing the "Office of Renea M. Bryant" on the signature page is disregarded.

It appears that at the heart of this case is the fact that on April 28, 2012, Plaintiff was given a traffic citation from Defendant Roney Wyche, an officer with the Tallahassee Police Department. Doc. 1 at 2. Plaintiff states that she "immediately filed a request for trial." *Id.* Plaintiff also states that she submitted a multitude of documents and motions in her case, all of which appear to have been denied. *Id.* at 2-3. Plaintiff reports that she "attended a traffic hearing" on September 5, 2012, when Plaintiff contends her "rights were again violated by not being allowed to be represented by private counsel and proceeding with the hearing against the Renea M. Bryant Estate where the court had no jurisdiction to do so." *Id.* at 3.

Plaintiff attempts to present claims for violations of her civil rights, but improperly seeks to raise claims under 18 U.S.C. § 241, and § 241. Section 241 makes it a crime for two or more persons to conspire to deprive another of rights secured by the Constitution or laws of the United States and § 242 makes it a crime to deprive another of such rights, under color of law, on account of alienage, color or race. These are criminal provisions, however, and it is well settled that they "provide no basis for civil liability." Moore v. Kamikawa, 940 F. Supp. 260, 265 (D. Haw. 1995), *aff'd* 82 F.3d 423 (9th Cir. 1996), *citing* Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Willing v. Lake Orion Community Schools Bd. of Trustees, 924 F. Supp. 815, 818 (E.D. Mich.

1996); Lord v. Albright, No. 3:97-CV-1593-G,1998 WL 50456, at *5 (N.D. Tex. Jan 16, 1998), citing Sarelas v. Anagnost, 332 F.2d 111, 113 (7th Cir. 1964).  Thus, Plaintiff's claims based on § 241 or § 242 must be dismissed.

Notwithstanding Plaintiff's inaccurate citation, it will be presumed that Plaintiff intended to proceed under 42 U.S.C. § 1983 to present her claims of civil rights violations.  Section 1983 imposes civil liability on one who, "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws.'"  Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles, 136 F.3d 709, 713 (11th Cir. 1998).  Thus, to obtain relief, Plaintiff must show that she was deprived of a federal constitutional right by a person acting under color of state law. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000).

Plaintiff contends that when she attended the traffic hearing, she was denied "her right to be represented by private counsel" by Defendant Sparkman.  Plaintiff was found guilty of the traffic violation "without her rights to due process of law, the right to an evidentiary hearing, the right to participate in discovery . . . ."  Doc. 1 at 4.

The Supreme Court of the United States has held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972). The right to counsel does not apply to minor traffic offenses for which there is no risk of imprisonment and only a monetary fine will be imposed.  Scott v. Illinois, 440 U.S. 367, 373-374, 99 S.Ct. 1158, 1162 (1979) (holding "that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal

defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.").  Plaintiff has not specified her traffic citation, but it will be presumed that she did not face any time in jail for the traffic violation and, thus, Plaintiff had no right to counsel.

Plaintiff has failed to show the violation of any federal constitutional right in the processing of her traffic citation.  Plaintiff discloses that she had a traffic hearing and, thus, Plaintiff received due process.  At the hearing, Plaintiff would have been provided an opportunity to present her version of events and demonstrate the invalidity of the traffic citation.  Plaintiff has not alleged any other constitutional violation and no facts have been presented which reveal that either Defendant Sparkman or Defendant Wyche violated any of Plaintiff's rights.  Because Plaintiff's complaint fails to show the violation of any constitutional right, this case should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, it is **ORDERED** that Plaintiff's in forma pauperis motion, doc. 2, is **GRANTED**.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on September 24, 2012.

        S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**